1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAZMYNE H.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C22-1556-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

13   Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ erred

14  by omitting from the residual functional capacity ("RFC") determination restrictions not

15  accounting for (1) her need to elevate her legs during the workday, and (2) her mild limitations in

16  adapting or managing herself. Dkt. 14 at 1. For the reasons below, the Court **REVERSES** the

17  Commissioner's final decision and **REMANDS** the matter for further administrative proceedings

18  under sentence four of 42 U.S.C. § 405(g).

19                                   **BACKGROUND**

20   Plaintiff is currently 36 years old, graduated from high school, and has worked as a

21  customer service representative and ice cream parlor server. Tr. 43, 301-02, 315. In June 2019,

22  she applied for benefits, alleging disability as of January 20, 2017. Tr. 264-81. Her applications

23  were denied initially and on reconsideration. Tr. 168-76, 179-92. The ALJ conducted a hearing

1  in May 2021 (Tr. 38-67), and subsequently found Plaintiff not disabled.  Tr. 16-32.  As the

2  Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's

3  final decision.  Tr. 1-7.

**DISCUSSION**

**A.    Need to Elevate Legs**

6      Plaintiff alleged she needed to elevate her legs 7-8 hours per day due to leg swelling and

7  diabetic ulcers on her feet.  *See* Tr. 47-58.  In assessing Plaintiff's allegations, the ALJ

8  specifically found this allegation to be inconsistent with the record because doctors

9  recommended Plaintiff elevate her legs during the "only episode of severe edema in the record"

10  but did not generally recommend Plaintiff elevate her legs during the day.  *See* Tr. 25 (citing Tr.

11  1973, 1975).  The ALJ also noted although Plaintiff testified at the 2021 administrative hearing,

12  she began elevating her legs for 2-3 hours per day one year earlier, she testified in 2018 that she

13  elevated her legs at least three times per day for a couple of hours at a time.  Tr. 25-26.  Given

14  this conflicting evidence, the ALJ found no medical need for Plaintiff to elevate her legs during

15  the workday.  *Id*.

16      Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

17  discount a claimant's allegations.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

18  Plaintiff argues the ALJ erroneously discounted her testimony she needed to elevate her legs

19  based on perceived discrepancies between her hearing testimony in 2018 and her hearing

20  testimony in 2021, contending the discrepancies are not meaningful and could be attributed to a

21  lapse in memory.  Dkt. 14 at 4, Dkt. 18 at 1.  The Court agrees the ALJ failed to identify a

22  meaningful discrepancy in Plaintiff's testimony that would constitute a clear and convincing

23

reasons to reject this allegation, and further finds the remainder of the ALJ's finding is erroneous as well.

The ALJ suggested Plaintiff only had one episode of severe edema, at which time providers recommended she elevate her legs, but the record in fact contains more evidence of ongoing edema throughout the adjudicated period.  *See, e.g.*, Tr. 997-98 (2+ non-pitting edema in both lower extremities), 1012 (swollen in both legs), 1017 (2+ pitting edema in both lower extremities), 1125 (2+ non-pitting edema in both lower extremities), 1275 ("bilateral lower extremity edema"), 1620 (trace edema bilaterally), 1623 (3+ pitting edema bilateral lower extremities), 1682 ("no pitting edema"), 1719 (same), 1728 ("no pitting edema" in extremities), 1756 (1+ pitting edema in ankles), 1918 (trace pedal edema), 1986 (edema diagnosis), 1996 (1+ pitting edema in ankles), 2205 (trace edema), 2264 (advised to elevate feet after burning them while bathing in hot water), 2448 (Plaintiff calls provider to complain of leg swelling and is advised to go to the emergency department, three days after she was seen in the emergency department for the same symptom), 2465 (2+ non-pitting edema in lower extremities, "most noticeable at the ankles"; provider recommends elevating legs as much as possible in April 2021), 2470 (peripheral edema diagnosed in telephonic medical appointment and Plaintiff referred to cardiologist), 2521 (bilateral lower extremity edema), 2526 (Plaintiff calls provider to complain of feet swelling and advised to go to urgent care), 2549 (1+ pitting and pedal edema in bilateral legs), 2624 (mild ankle swelling).

Although providers did not always explicitly recommend Plaintiff elevate her legs in response to the edema, there is no suggestion in the record Plaintiff was advised against such a practice or this practice would not alleviate the discomfort that Plaintiff experienced in connection with edema.  Because the ALJ mischaracterized the record as to the extent of

1    documented episodes of edema and failed to cite any evidence that is inconsistent with Plaintiff's

2    allegation, the ALJ's reliance on a lack of corroboration for this allegation is insufficient.  *See,*

3    *e.g.*, *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("[A]n ALJ cannot insist on clear

4    medical evidence to support each part of a claimant's subjective pain testimony when there is no

5    objective testimony evincing otherwise.").

6          Because the ALJ failed to provide legally sufficient reasons to discount Plaintiff's

7    allegation of a need to elevate her legs during the day, the ALJ shall reconsider this allegation on

8    remand and, if necessary, develop the record on this issue.

9    **B.    Adaptation and Management Limitations**

10         At step-three, when assessing the "paragraph B" criteria of Listings 12.04, 12.06, 12.08,

11   12.13, and 12.15, the ALJ found Plaintiff has mild limitations in adapting or managing herself.

12   Tr. 21-22.  The ALJ noted although Plaintiff claimed she struggled with change and mood, she

13   also reported she could handle her own self-care and get along with caregivers, and the record

14   corroborated that as well.  Tr. 22.

15         Plaintiff argues although the ALJ acknowledged these mild limitations at step-three, the

16   ALJ erred in failing to include any limitations in the RFC assessment that would account for

17   those deficits.  Dkt. 14 at 6.  The argument fails. Plaintiff cites no authority, and the Court is not

18   aware of any, suggesting a direct correspondence between the paragraph B criteria and the RFC

19   assessment.  Rather agency guidance discusses how the step three findings are distinct from an

20   RFC assessment.  *See* Social Security Ruling 96-8p, 1996 WL 374184, at *4 (Jul. 2, 1996)

21   ("[T]he limitations identified in the 'paragraph B' . . . criteria are not an RFC assessment but are

22   used to rate the severity of mental impairment(s) at steps 2 and 3[.] The mental RFC assessment .

23   . . requires a more detailed assessment by itemizing various functions contained in the broad

categories found in paragraphs B and C . . .").  The Court thus rejects Plaintiff's implication that the ALJ's step-three findings create an internal inconsistency in the ALJ's decision that must be resolved on remand. The Court also notes the ALJ discussed the medical opinions regarding Plaintiff's mental health issues and concluded the evidence of record supports the RFC determination. Tr. 26-27. Hence to the extent Plaintiff contends the ALJ failed to address her mental limits as to dealing with change, Dkt. 14 at 7, the contention fails.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's allegation of a need to elevate her legs, develop the record and redetermine RFC as needed, and proceed to remaining steps of the disability evaluation process as appropriate.

DATED this 8th day of June, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge